**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| PAUL GREGORY BARROWS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION, LAWRENCE J. ELLISON, SAFRA A. CATZ, CLAYTON MAGOUYRK, MICHAEL SICILIA, DOUGLAS KEHRING, and MARIA SMITH, <br><br> Defendants. | C.A. No. 26-127-JLH |

**OPENING BRIEF IN SUPPORT OF MOTION OF AUDREY HOLDINGS
GROUP LIMITED FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND
(2) APPROVAL OF SELECTION OF COUNSEL**

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*Counsel for Proposed Lead Plaintiff
Audrey Holdings Group Limited
and Proposed Lead Counsel for the
Class*

Dated: April 6, 2026

**DELEEUW LAW LLC**
P. Bradford deLeeuw (# 3569)
1301 Walnut Green Road
Wilmington, DE 19807
Telephone: (302) 274-2180
Fax: (302) 351-6905

*Proposed Liaison Counsel for
the Class*

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF THE ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 5

   I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 5

      A.   Movant Is Willing to Serve as Class Representative ..................................... 6

      B.   Movant Has the Largest Financial Interest in the Action ........................... 6

      C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil
          Procedure ....................................................................................................... 7

      D.   Movant Will Fairly and Adequately Represent the Interests of the Class and Is
          Not Subject to Unique Defenses ................................................................... 8

   II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .................... 9

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................ 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)........................................................................................... 7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ...................................................................................... 6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................... passim

15 U.S.C. § 78u4-D(a)(3)(B) ................................................................................................. 1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 6, 7

Movant Audrey Holdings Group Limited ("Movant") respectfully submits this Opening Brief in support of Movant's motion for an Order, pursuant to Section 21D(a)(3)(B), 15 U.S.C. § 78u4-D(a)(3)(B), of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the common stock of Oracle Corporation ("Oracle" or the "Company") between June 12, 2025 and December 16, 2025, inclusive (the "Class Period"); and

(b)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and deLeeuw Law LLC ("deLeeuw Law") as Liaison Counsel for the Class.

## NATURE AND STAGE OF THE PROCEEDINGS

This action (the "Action") was commenced on February 3, 2026 against Oracle, Lawrence J. Ellison, Safra A. Catz, Clayton Magouyrk, Michael Sicilia, Douglas Kehring, and Maria Smith (collectively, "Defendants") for violations under the Exchange Act. The next day, an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of P. Bradford deLeeuw filed herewith ("deLeeuw Decl.").

On March 27, 2026, a substantially similar action captioned *Jackson County Employees' Ret. Sys. vs. Oracle Corporation et al.*, 3:26-cv-00365, was filed in the United States District Court for the Middle District of Tennessee (the "*Jackson* Action"). The *Jackson* action is on behalf of

1

purchasers and acquirers of Oracle securities covering the same class period, but includes fewer alleged corrective disclosures than outlined below and does not name Maria Smith as a Defendant.[1]

The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, requires appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  Movant respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because it: (1) timely filed a motion; (2) to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See id.* § 78u-4(a)(3)(B)(iii)(I).

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Id.* § 78u-4(a)(3)(B)(v). Accordingly, Movant respectfully requests that the Court approve his selection of Rosen Law as Lead Counsel for the class and deLeeuw Law as Liaison Counsel for the class.

## STATEMENT OF FACTS

Defendant Oracle is a technology company. As the complaint notes, it offers technology products and services that include database software, enterprise applications (such as programs that support customer relationship management and supply chain management), and cloud infrastructure and hardware, including infrastructure for operating AI programs.

During the Class Period, the complaint alleges that Defendants misled investors by touting Oracle's contracts to develop data center capabilities for AI infrastructure and falsely assuring

---

[1] Movant intends to file a similar lead plaintiff motion in that action.

investors that Oracle's significant capital expenditures ("CapEx") would quickly result in accelerated revenue growth. For example, Defendants assured investors that Oracle's substantially increased spending on AI infrastructure—including for data centers used by OpenAI, the operator of ChatGPT—would rapidly convert into "accelerating revenue and profit growth" and that "we have a very good line-of-sight for our capabilities to . . . just spend on that CapEx right before it starts generating revenue."

However, on September 24, 2025, S&P Global Ratings ("S&P") warned that OpenAI "could account for more than a third of total Oracle revenues by fiscal 2028 and even a greater share by fiscal 2030," creating risks given that "OpenAI's ability to meet contractual obligations will be contingent on AI tailwinds continuing and its models being a market leader to continue to raise external financing."

On this news, Oracle common stock declined $5.37 per share, or nearly 2%, from a close of $313.83 per share on September 23, 2025, to close at $308.46 per share on September 24, 2025.

The following day, on September 25, 2025, analysts at Rothschild & Co. Redburn ("Rothschild") initiated coverage of Oracle at "Sell," stating that the market was "materially overestimat[ing]" future growth resulting from Oracle's AI deals. More specifically, Rothschild warned that Oracle's promises of massive new revenues from its increased AI infrastructure business were "unlikely to materialize" and set a $175 price target for Oracle—representing a 40% pullback in Oracle's stock.

On this news, Oracle common stock declined a further $17.13 per share, or 5.5%, to close at $291.33 per share on September 25, 2025.

Then, after market close on December 10, 2025, among other reporting outlined in the complaint, Oracle announced its financial results for the second quarter of fiscal year 2026,

including revenue growth below analysts' consensus estimate, quarterly CapEx well above analysts' estimates, and negative free cash flow of more than $10 billion. During the accompanying earnings call, Defendant Kehring (Oracle's Principal Financial Officer) revealed that Oracle now projected $50 billion of CapEx in fiscal year 2026—$15 billion more than Oracle's previous projection in September 2025 and as much as $25 billion more than Oracle's projection in June 2025. Notably, despite projecting substantially increased spending, Oracle did not increase its guidance for 2026 revenue, and increased its guidance for 2027 revenues by only $4 billion.

On this news, Oracle common stock fell $24.16 per share, or nearly 11%, to close at $198.85 on December 11, 2025.

Then, after market close on December 11, 2025, Oracle filed its quarterly financial report on Form 10-Q with the SEC, which revealed that the Company had "$248 billion of additional lease commitments, substantially all related to data centers and cloud capacity arrangements, that are generally expected to commence between the third quarter of fiscal 2026 and fiscal 2028 and for terms of fifteen to nineteen years that were not reflected on our condensed consolidated balance sheets as of November 30, 2025." Analysts at CreditSights later labeled this revelation a "bombshell disclosure," noting that the Company's lease commitments had increased massively from the prior quarter, when the Company had reported just under $100 billion in lease commitments. As Bloomberg reported, "Oracle's future lease exposure far exceeds similar commitments by peers," with "a mismatch between the long duration of the property leases and much shorter contracts with key customers such as OpenAI." On December 12, 2025, *Bloomberg* further reported that Oracle had "pushed back the completion dates for some of the data centers it's developing for the artificial intelligence model developer OpenAI to 2028 from 2027" due to

4

"labor and material shortages"—suggesting that Oracle's promised revenue growth resulting from its increased spending may be further delayed, if it arrives at all.

In response, Oracle common stock fell $8.88 per share, or 4.5%, to close at $189.97 per share on December 12, 2025.

Finally, on December 17, 2025, *Financial Times* reported that Blue Owl Capital—"the primary [financial] backer for Oracle's largest data centre projects in the US"—had backed out of funding a $10 billion Oracle data center intended to serve OpenAI. According to the report, Blue Owl pulled out of the deal as a result of concerns about Oracle's spending commitments and rising debt levels.

On this news, Oracle common stock fell $10.19 per share, or 5.4%, to close at $178.46 per share on December 17, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Oracle's common shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

## A. Movant Is Willing to Serve as Class Representative

The Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* deLeeuw Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Movant purchased 43,140 shares of Oracle stock, expended total net funds of $9,078,085.44 and suffered an approximate loss of $1,734,161.92. *See* deLeeuw Decl., Ex. 3. Movant is not aware of any other movant that has a larger financial interest in Oracle stock

6

during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Each of Movant's claims share substantially similar questions of law and fact with the members of the class, and Movant's claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Oracle's business. Movant, as did all of the members of the class, purchased Oracle shares at prices artificially inflated by

defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interest of the class; or
>
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Movant is not aware of any unique defenses that defendants could raise against it that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

Further, Movant is a private investment vehicle that is incorporated in the British Virgin Islands, and for more than 15 years, it has been actively investing in publicly traded companies. *See* deLeeuw Decl., Exhibit 4. The sole Director of Movant is Leon Siman, who has bachelors degrees in both Engineering and Law. *See id.*

8

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and deLeeuw Law as Liaison Counsel. Rosen Law has been actively researching the class Plaintiff's claims, reviewing financial and legal documents, and gathering other information in support of the claims against the defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions. Rosen Law has been appointed as lead counsel in securities class actions in numerous cases throughout the nation and has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. deLeeuw Law is also highly experienced in complex litigation and representing shareholders in class action and stockholder litigation, and the two firms have worked together effectively in past cases. *See* deLeeuw Decl., Exs. 5, 6.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving the Movant's selection of Rosen Law as Lead Counsel and deLeeuw Law as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

9

Dated: April 6, 2026

Respectfully submitted,

**DELEEUW LAW LLC**

*/s/ P. Bradford deLeeuw*
P. Bradford deLeeuw
1301 Walnut Green Road
Wilmington, DE 19807
Telephone: (302) 274-2180
Fax: (302) 351-6905

OF COUNSEL:

**THE ROSEN LAW FIRM, P.A**.

Laurence Rosen
Phillip Kim
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*[Proposed] Liaison Counsel for*
*The Class*

*Counsel for Proposed Lead Plaintiff Audrey*
*Holdings Group Limited and Proposed Lead*
*Counsel for the Class*

10