UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL GREGORY BARROWS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:26-cv-00127-JLH |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| ORACLE CORPORATION, LAWRENCE J. ELLISON, SAFRA A. CATZ, CLAYTON MAGOUYRK, MICHAEL SICILIA, DOUGLAS KEHRING, and MARIA SMITH, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

ROBBINS GELLER RUDMAN
  & DOWD LLP
Christopher H. Lyons (#5493)
Jason M. Avellino (#5821)
1521 Concord Pike, Suite 301
Wilmington, DE 19803
Telephone: 302/467-2660

ROBBINS GELLER RUDMAN
  & DOWD LLP
Christopher M. Wood
Jerry E. Martin
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203

**APRIL 6, 2026**

4937-0554-2813.v1

## I.  INTRODUCTION

Presently pending before this Court is a securities class action brought on behalf of purchasers of Oracle Corp. stock between June 12, 2025 and December 16, 2025, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "1934 Act") against Oracle and certain of the Company's executive officers.[1]  In securities class actions such as this, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "consider any motion made by a purported class member in response to the notice" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

In this case, Mr. Patel should be appointed lead plaintiff because he has filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Patel's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This case is a putative class action alleging violations of the 1934 Act.  The case is in its procedural infancy due to the PSLRA's lead plaintiff and stay provisions.  *See* 15 U.S.C. §78u-4(a)-(b). Once a lead plaintiff is appointed, the Court-appointed lead plaintiff will likely file an amended complaint, followed by defendants' responsive pleading (most likely a motion to dismiss) and

---

[1]  There is a substantially similar related case, *Jackson County Employees' Ret. Sys. v. Oracle Corp.*, No. 3:26-cv-00365 (M.D. Tenn.), which alleges violations of the federal securities laws on behalf of purchasers of Oracle securities between June 12, 2025 and December 16, 2025.  Rashesh Patel is also seeking appointment as lead plaintiff in that case and, if appointed as lead plaintiff, will proceed in a single jurisdiction.

4937-0554-2813.v1

briefing on the anticipated Rule 12(b)(6) motion.  Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  *See* 15 U.S.C. §78u-4(b)(3)(B).

## III.   SUMMARY OF ARGUMENT

The PSLRA requires district courts to appoint the most adequate plaintiff as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Patel respectfully submits that he should be appointed as lead plaintiff because he: (1) timely filed a complaint and motion; (2) has a substantial financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

The PSLRA also provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Patel has selected Robbins Geller as lead counsel and respectfully requests that the Court approve that choice.

## IV.   STATEMENT OF FACTS

Leading up to and during the Class Period, Oracle executives claimed that the Company was capitalizing on an historic business opportunity as a key provider of the critical infrastructure used to power the development and deployment of artificial intelligence ("AI") technology.  Company executives highlighted hundreds of billions of dollars' worth of new business that Oracle had purportedly procured from the central players in an ongoing "AI revolution."  As a result, Oracle claimed that its remaining performance obligations ("RPOs") had ballooned to $455 billion during its fiscal quarter ended August 31, 2025, up 230% from just one quarter prior, while its quarterly Oracle Cloud Infrastructure revenues had surged 55% year-over-year.  Due to these and similar representations by defendants, the price of Oracle common stock reached all-time highs of over $345 per share by mid-September 2025.

- 2 -

Unbeknownst to Oracle's outside investors, however, the Company's claimed hyperbolic growth had come at an astronomical cost. Oracle needed to spend tens of billions of dollars more than what defendants had revealed to investors in order to develop the infrastructure necessary to meet this demand, impairing the Company's formerly solid balance sheet, depleting its cash flows, eroding its margins, requiring massive capital raises, increasing its borrowing costs, and fundamentally altering the risk profile of the Company. These concealed risks were further magnified by the fact that most of Oracle's recently claimed RPO increases were attributable to a single customer: OpenAI. OpenAI boasted a novel technology – a proprietary large language model powering OpenAI's generative AI chatbot ChatGPT – but the company was not profitable and only generated a fraction of the revenue needed to make its promised payments to Oracle, let alone OpenAI's numerous infrastructure commitments to other counterparties (totaling over $1 trillion). In order to secure these hoped-for payments, Oracle needed to make tens of billions of dollars' worth of new capital expenditures (including an estimated $50 billion in fiscal 2026 alone) and enter into more than $200 billion in additional long-term lease commitments.

As the truth was belatedly revealed, the price of Oracle securities plummeted in value, causing Mr. Patel and the class to suffer losses and economic damages under the federal securities laws.

## V.    ARGUMENT

### A.    Mr. Patel Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely

- 3 -

circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice issued in connection with the filing of the first-filed action was published on February 4, 2026. *See* Declaration of Christopher H. Lyons in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Lyons Decl."), Ex. A. Mr. Patel's counsel also filed a notice in connection with the filing of the complaint in this Court. *See* Lyons Decl., Ex. B.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Mr. Patel meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Patel's Motion Is Timely

The statutory notice published in connection with the filing of the first-filed action and the notice published in connection with the filing of this action advised class members of the pendency of the actions, the claims asserted, and the right to seek appointment as lead plaintiff by April 6, 2026. *See* Lyons Decl., Exs. A-B; 15 U.S.C. §78u-4(a)(3)(A). This motion is timely filed and Mr. Patel is eligible for appointment as lead plaintiff.

### 2. Mr. Patel Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Patel purchased 52,134 shares of Oracle stock and suffered over $865,303 in losses as a result of defendants' alleged misconduct.  To the best of his counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, Mr. Patel satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Patel Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cendant*, 264 F.3d at 263-64 (focusing on typicality and adequacy at the lead plaintiff stage).

"[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id*. at 265 (alterations in original and citations omitted).  "In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id*. (alterations in original and citations omitted).

Like all class members, Mr. Patel acquired Oracle stock during the Class Period and suffered harm as a result of defendants' alleged misconduct.  As such, Mr. Patel suffered the same injuries as

- 5 -

4937-0554-2813.v1

the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues.  In addition, Mr. Patel has submitted a Certification confirming his willingness and ability to serve as lead plaintiff.  *See* Lyons Decl., Ex. C.  Mr. Patel's substantial financial interest indicates he has the requisite incentive to vigorously represent the class' claims.

Mr. Patel is adequate because, as evidenced by his sworn Certification and Declaration, he is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses Mr. Patel suffered. *See* Lyons Decl., Exs. C, E.  Mr. Patel also has more than two decades of investing experience and is familiar with selecting and overseeing counsel.  *See* Lyons Decl., Ex. E.  Finally, Mr. Patel has selected qualified counsel to represent him and the putative class.  *See* §III.B., *infra*.

**B.      The Court Should Approve Mr. Patel's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Mr. Patel has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, including an office in this district, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  District courts throughout the country have recognized Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller attorneys to lead roles in hundreds of

---

[2]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

4937-0554-2813.v1

complex securities class action cases. *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF 67 (D.N.J. May 31, 2016) (appointing Robbins Geller as lead counsel in securities case); *Teamsters Local 237 Additional Sec. Benefit Fund and the Teamsters Local 237 Supplemental Fund for Housing Auth. Emps., et al. v. Caruso*, C.A. No. 2020-0620-PAF, at 33 (Del. Ch. Jan. 10, 2024) (TRANSCRIPT) (Concerning Robbins Geller's role as lead counsel and the Teamsters Local 237 Funds' role as plaintiff: "As I have already discussed, this recovery is a very good result for the class, given the difficulties that the plaintiffs would have faced at trial and potentially on appeal.").

Notably, Mr. Patel selected a law firm that has obtained a historic $1.21 billion settlement in this Circuit in *Valeant*, No. 3:15-cv-07658-MAS-LHG, the largest securities class action settlement ever against a pharmaceutical manufacturer, and the ninth largest securities class action settlement ever. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in

- 7 -

the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Patel's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## VI.   CONCLUSION

Mr. Patel satisfies each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Patel respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel for the class.

DATED:  April 6, 2006                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP


s/ Christopher H. Lyons
Christopher H. Lyons (#5493)
Jason M. Avellino (#5821)
1521 Concord Pike, Suite 301
Wilmington, DE  19803
Telephone:  302/467-2660
clyons@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
Christopher M. Wood
Jerry E. Martin
200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
cwood@rgrdlaw.com
jmartin@rgrdlaw.com

- 8 -

4937-0554-2813.v1

- 9 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
Darren J. Robbins
Danielle S. Myers
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 9 -

4937-0554-2813.v1