**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PAUL GREGORY BARROWS, Individually and on Behalf of All Others Similarly Situated, Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, LAWRENCE J. ELLISON, SAFRA A. CATZ, CLAYTON MAGOUYRK, MICHAEL SICILIA, DOUGLAS KEHRING, and MARIA SMITH, Defendants. | Case 1:26-cv-00127-JLH<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
ALEXANDER ARISTIDES FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**COOCH & TAYLOR, P.A.**
Carmella P. Keener (#2810)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
(302) 984-3800
ckeener@coochtaylor.com

*Delaware Counsel for Alexander Aristides and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
(*pro hac vice* motions to be filed)
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Alexander Aristides and Proposed Lead Counsel for the Proposed Class*

Filed: April 6, 2026

Alexander Aristides ("Aristides") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Cooch & Taylor, P.A. ("Cooch & Taylor") as Liaison Counsel for the litigation.

## PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") asserting violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of Oracle Corporation ("Oracle" or the "Company") common stock between June 12, 2025 and December 16, 2025, inclusive (the "Class Period").[1] Plaintiff alleges violations of the Exchange Act by Defendants.  Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Here, Aristides should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-

---

[1] A related case is pending in the District of Tennessee denominated *Jackson County Employees' Retirement System v. Oracle Corp.,* 3:26-cv-00365. Aristides also moved for appointment as Lead Plaintiff and approval of Lead Counsel in that District.

4(a)(3)(B)(iii). In addition, the Court should approve Aristides' selection of Bernstein Liebhard as lead counsel for the class. *See* 15 U.S.C. §78u- 4(a)(3)(B)(v).

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This case is a putative class action alleging violations of the Exchange Act. The case is in its procedural infancy due to the PSLRA's lead plaintiff and stay provisions. *See* 15 U.S.C. §78u-4(a)-(b). Once a lead plaintiff is appointed, the Court-appointed lead plaintiff will likely file an amended complaint, followed by defendants' responsive pleading (most likely a motion to dismiss) and briefing on the anticipated Rule 12(b)(6) motion. Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." *See* 15 U.S.C. §78u-4(b)(3)(B).

## SUMMARY OF ARGUMENT

Under the PSLRA, a class action complaint alleging violations of the federal securities laws triggers statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Aristides suffered a substantial financial loss of $151,991 on his purchases of Oracle common stock during the Class Period. Aristides believes he has the largest loss and, thus, the largest financial interest recoverable by the Class. Thus, Aristides believes he is the presumptive lead plaintiff in the Action.

Aristides has also made a *prima facie* showing that he satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class and he will fairly and adequately represent the interests of the Class. Like other class members, Aristides bought Oracle common stock during

2

the Class Period and suffered harm from Defendants' alleged misstatements and omissions. Aristides is also an adequate lead plaintiff. Aristides is 47 years old, lives in Florida, has been investing for over 10 years and currently owns a wellness company. Aristides has no conflicts with other Class members. Aristides also chose qualified counsel. Accordingly, Aristides satisfies the PSLRA's Rule 23 requirements.

Accordingly, Aristides respectfully requests that he be appointed as Lead Plaintiff, and that his selection of Bernstein Liebhard and Cooch & Taylor be approved as Lead Counsel and Liaison Counsel, respectively.[2]

## FACTUAL BACKGROUND

Plaintiff alleges that Defendants made misstatements and omissions of material fact to investors by failing to disclose to investors that: (1) Oracle's AI infrastructure strategy would result in massive increases in capital expenditures without equivalent, near-term growth in revenue; and (2) the Company's substantially increased spending created serious risks involving Oracle's debt and credit rating, free cash flow, and ability to fund its projects, among other concerns.

---

[2] Local Rule 7.1.1 requires "an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion." Because the PSLRA permits any "purported class member…including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Aristides cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on April 6, 2026. Under these circumstances, Aristides respectfully requests that the conferral requirement of D. Del. LR 7.1.1 be waived due to the fact that he cannot confer with unknown movants.

**ARGUMENT**

I. **THE COURT SHOULD APPOINT ARISTIDES AS LEAD PLAINTIFF**

  A. **The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).  Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

  i) has either filed the complaint or made a motion in response to an Early Notice;

  ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth *infra*, Aristides meets the foregoing criteria and, thus, is presumptively the most adequate Lead Plaintiff.

### B.    Aristides Is the Most Adequate Lead Plaintiff

Aristides is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Fed. R. Civ. P.

### 1.    Aristides's Motion is Timely

On February 4, 2026, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Keener Decl. Ex. A. Accordingly, putative class members had until April 6, 2026, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class").

Aristides timely filed this motion in response to the Early Notice. Aristides also filed a sworn certification attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Keener Decl., Ex. B. As such, Aristides satisfies the first requirement to serve as Lead Plaintiff.

### 2. Aristides Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Aristides believes he is the presumptive lead plaintiff. Aristides lost $151,991 from his Oracle investments. *See* Keener Decl. Ex. C. Aristides is not aware of any other movant that has suffered a greater loss in connection with their Oracle investments. Accordingly, Aristides believes that he has the largest financial interest in this litigation.

### 3. Aristides Meets the Requirements of Fed. R. Civ. P. 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant needs to make only a "prima facie showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *see also Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011) (noting that, at the lead plaintiff stage, "the movant must establish only a prima facie case of typicality and adequacy under traditional Rule 23 principles") (citation omitted and emphasis in original).

### a. Aristides's Claims Are Typical of Those of the Class

The typicality requirement "consider[s] whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (citations and internal quotation marks omitted; alterations in original). Here, Aristides satisfies the typicality requirement because, just like all other proposed class

6

members, he seeks to recover for losses on his investments in Oracle common stock incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Oracle common stock. Thus, Aristides' claims arise from the same conduct as those of the other class members, and Aristides satisfies Rule 23's typicality requirement. See *Vandevelde*, 277 F.R.D. at 132 (finding that a lead plaintiff movant had satisfied the typicality requirement where movant "ha[d] the same interests and shares the same legal theories as the rest of the class")

### b. Aristides Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Aristides is an adequate Lead Plaintiff. Aristides and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Aristides' financial stake in the litigation, Class members can be assured that Aristides has the incentive to vigorously prosecute the claims. In sum, Aristides is well-suited to serve as Lead Plaintiff.

Aristides also demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

**II.    THE COURT SHOULD APPROVE ARISTIDES' CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Keener Decl. Ex. D (Firm Résumé of Bernstein Liebhard).  Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and Cooch & Taylor as Liaison Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country.  Some of the firm's most recent Lead Counsel appointments include: *Wentz v. Moderna, Inc.*, Case No. 1:24-cv-12058 (D. Mass.); *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

8

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *Speakes v. Taro Pharmaceutical Industries, Ltd*., Case No.: 16-cv-08318-ALC-OTW (S.D.N.Y. 2024) ($36 million settlement)

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Cooch & Taylor is eminently qualified to serve as local counsel. See Keener Decl. Ex. E (Firm Résumé of Cooch & Taylor).

**CONCLUSION**

For the foregoing reasons, Aristides respectfully requests that this Court: (1) appoint Aristides as Lead Plaintiff in the Action, and all subsequently-filed, related actions; and (2) approve Aristides's selection of Bernstein Liebhard as Lead Counsel and Cooch & Taylor as Liaison Counsel for the litigation.

Dated: April 6, 2026

Respectfully submitted,

*/s/ Carmella P. Keener*

**COOCH & TAYLOR, P.A.**
Carmella P. Keener, Esq.
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Facsimile: (302) 984-3939
Email: ckeener@coochtaylor.com

*Delaware Counsel for Alexander Aristides and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Alexander Aristides and Proposed Lead Counsel for the Proposed Class*

10

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on Apri 6, 2026, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

/s/ Carmella P. Keener
Carmella P. Keener (DE #2810)
