# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL GREGORY BARROWS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, LAWRENCE J. ELLISON, SAFRA A. CATZ, CLAYTON MAGOUYRK, MICHAEL SICILIA, DOUGLAS KEHRING, and MARIA SMITH,<br><br>Defendants. | Case No. 1:26-cv-00127-JLH<br><br>**<u>CLASS ACTION</u>** |

**ANSWERING BRIEF IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF SPARINVEST S.A. AND SEB FUNDS AB FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

**Dated: April 20, 2026**

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gregory V. Varallo (DE Bar ID #2242)
Anthony M. Calvano (DE Bar ID #6265)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
anthony.calvano@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff Sparinvest S.A. and SEB Funds AB*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Proposed Lead Plaintiff Sparinvest S.A. and SEB Funds AB and Proposed Lead Counsel for the Class*

**TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ........................................................................4

SUMMARY OF THE ARGUMENT .......................................................................................5

COUNTERSTATEMENT OF FACTS ....................................................................................5

ARGUMENT ...........................................................................................................................6

I.   SPARINVEST AND SEB SHOULD BE APPOINTED AS LEAD
     PLAINTIFF...................................................................................................................6

     A.   Sparinvest and SEB Have the Largest Financial Interest in the Relief
          Sought by the Class............................................................................................7

     B.   Sparinvest and SEB Satisfy the Requirements of Rule 23 ...................................8

II.  SPARINVEST AND SEB'S SELECTION OF LEAD COUNSEL
     SHOULD BE APPROVED ........................................................................................11

CONCLUSION.......................................................................................................................12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
    No. 2:17-cv-6454-KM-MAH,
    2018 WL 1960444 (D.N.J. Apr. 25, 2018) ...............................................................2

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).................................................................. *passim*

*City of Warwick Ret. Sys. v. Catalent, Inc.*,
    No. 23-cv-01108 (D.N.J. Dec. 29, 2025), D.I. 152.................................................11

*Forden v. Allergan plc*,
    Nos. 16-9449 (SDW) (LDW), *et al.*,
    2017 WL 452005 (D.N.J. Feb. 1, 2017) ..................................................................8

*Himes v. Five Below, Inc.*,
    Nos. 24-3638, *et al.*,
    2024 WL 4596235 (E.D. Pa. Oct. 28, 2024)......................................................3, 10

*In re Humana Inc. Sec. Litig.*,
    No. 24-cv-00655-JLH (D. Del. Sep. 13, 2024), D.I. 38 ..........................................6

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014)......................................................... *passim*

*Patel v. Coinbase Glob., Inc.*,
    Nos. 22-4915, *et al.*,
    2022 WL 17582549 (D. Del. Dec. 12, 2022)..........................................................7

*SEB Inv. Mgmt. AB v. Endo Int'l., plc*,
    No. 17-3711,
    2019 WL 7163467 (E.D. Pa. Dec. 13, 2019)...................................................10, 11

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
    No. 22-cv-03811-TLT,
    2025 WL 1243818 (N.D. Cal. Apr. 25, 2025) .....................................................6, 7

*Soto v. Hensler*,
    235 F. Supp. 3d 607 (D. Del. 2017)........................................................................3

*Vandevelde v. China Nat. Gas, Inc.*,
    277 F.R.D. 126 (D. Del. 2011) ...............................................................................9

*Wigginton v. Advance Auto Parts, Inc.*,
    C.A. No. 18-212 (MN),
    2018 WL 5729733 (D. Del. Nov. 2, 2018) ........................................................................7, 12

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................... *passim*

Presumptive Lead Plaintiff Sparinvest and SEB[1] respectfully submit this Answering Brief in further support of their motion for appointment as Lead Plaintiff and approval of selection of counsel (D.I. 9).  Sparinvest and SEB's motion is unopposed.

**INTRODUCTION**

On April 6, 2026, Sparinvest and SEB moved for appointment as Lead Plaintiff and approval of their selection of Kessler Topaz as Lead Counsel for the class (the "Motion").[2]  *See* D.I. 9.  Private investment vehicle Audrey Holdings Group Limited ("Audrey Holdings") and three individual investors (Rashesh Patel, Ardalan Hardi, and Alexander Aristides) also filed motions for appointment as Lead Plaintiff.  *See* D.I. 7, 8, 16, 21.  In recognition that Sparinvest and SEB have the largest financial interest of any movant and are otherwise adequate to represent the class, each other movant subsequently withdrew their motion or filed a notice of non-opposition.  *See* D.I. 24 (Hardi Notice of Withdrawal), D.I. 25 (Aristides Notice of Non-Opposition), D.I. 27 (Patel Notice of Withdrawal), D.I. 28 (Audrey Holdings Notice of Withdrawal).

Sparinvest and SEB are the presumptively "most adequate plaintiff" because they have, by far, the "largest financial interest" of any movant and have made a *prima facie* showing of their typicality and adequacy.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001) ("The PSLRA . . . instruct[s] [courts] to adopt a presumption that the most adequate plaintiff is the movant that has the largest financial interest in the relief sought

---

[1]    All definitions and abbreviations used herein remain unchanged from Sparinvest and SEB's opening brief, unless otherwise indicated.  *See* D.I. 13.  All citations and internal quotation marks are omitted, and all emphasis is added, unless noted.

[2]    Sparinvest and SEB also moved for appointment as Lead Plaintiff in a substantially similar action filed in the United States District Court for the Middle District of Tennessee.  *See Jackson Cnty. Emps.' Ret. Sys. v. Oracle Corp., et al.*, No. 3:26-cv-00365 (M.D. Tenn. Apr. 6, 2026), D.I. 10.

by the class[.]").  The PSLRA's presumption can only be rebutted "upon proof" that Sparinvest and SEB are atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists.

*First*, with losses of nearly $34 million, Sparinvest and SEB unquestionably possess the largest financial interest in the litigation.  Indeed, Sparinvest and SEB's losses are more than *nine times larger* than the losses of all the other movants *combined*:

| Movant[3] | Loss |
|---|---|
| **Sparinvest and SEB** | **($33,917,424.11)** |
| Sparinvest | ($24,168,073.37) |
| SEB | ($9,749,350.74) |
| ~~Audrey Holdings~~ | ~~($1,734,161.92)~~ |
| ~~Rashesh Patel~~ | ~~($865,303.09)~~ |
| ~~Ardalan Hardi~~ | ~~($506,242.20)~~ |
| ~~Alexander Aristides~~ | ~~($151,991.40)~~ |

Notably, Sparinvest and SEB each *individually* suffered losses far exceeding the losses of any of the other movants.  *See Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-cv-6454-KM-MAH, 2018 WL 1960444, at *11 (D.N.J. Apr. 25, 2018) (appointing group that included "shareholder with the largest financial loss"); *Cendant*, 264 F.3d at 270 (affirming district court's appointment of group of institutional investors with largest losses).

*Second*, Sparinvest and SEB also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all class members.  Sparinvest and SEB are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation.  *See* D.I. 15-3 ¶¶ 2-5, 14-15.  Prior to filing their Motion in this case, representatives of

---

[3]     Loss figures are taken from the loss charts accompanying the movants' initial motions. D.I. 12-2, 14-3, 15-2, 20-4, 23-3.

Sparinvest and SEB held a conference call to discuss their leadership of this action, including their plan to ensure that the matter will be litigated in the best interest of all class members, their shared interests in prosecuting the case in a collaborative manner, and the procedures and protocols to be followed in jointly prosecuting the case. *See id.* ¶¶ 10-11; *Himes v. Five Below, Inc.*, Nos. 24-3638, *et al.*, 2024 WL 4596235, at *4 (E.D. Pa. Oct. 28, 2024) ("In their sworn Joint Declaration, the two members of the [institutional investors group] describe their prior experience with PSLRA class actions and articulate their ongoing coordination with each other and in the oversight of counsel. . . . [T]he appointment of the two . . . funds as a group in no way erodes their ability to fulfill the task of lead plaintiff."). Moreover, Sparinvest and SEB are the only institutional movants before the Court and thus, are the only movants that satisfy Congress's goal to encourage institutional investors to serve as a lead plaintiff under the PSLRA. *See Soto v. Hensler*, 235 F. Supp. 3d 607, 616 (D. Del. 2017) (noting that the "[movant's] application is strengthened by the PSLRA's preference for institutional investors . . . as lead plaintiff").

*Third*, there is no "proof" that has been or reasonably can be offered that Sparinvest and SEB are atypical or inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption); *see also Cendant*, 264 F.3d at 268 ("the presumption may be rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff" is atypical or inadequate) (emphases in original). As the presumptive "most adequate plaintiff," the PSLRA and Third Circuit authority require that Sparinvest and SEB be appointed as Lead Plaintiff absent "***proof***" that they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *Cendant*, 264 F.3d at 263 (noting that once the presumption is triggered, it "may be rebutted ***only upon proof*** by a member of the purported plaintiff class that the presumptively most adequate plaintiff" will not

fairly represent the interests of the class).  There is no "proof" before the Court sufficient to rebut the statutory presumption in favor of Sparinvest and SEB.

*Fourth*, Sparinvest and SEB's selection of Kessler Topaz to serve as Lead Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

For these reasons, Sparinvest and SEB respectfully request that the Court grant their unopposed Motion.

## NATURE AND STAGE OF PROCEEDINGS

The Action asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of all persons and entities who purchased or otherwise acquired Oracle securities between June 12, 2025, and December 16, 2025, inclusive.  The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, requires appointment of a Lead Plaintiff and Lead Counsel.

On April 6, 2026, Sparinvest and SEB moved for appointment as Lead Plaintiff and approval of their selection of Kessler Topaz as Lead Counsel for the class.  *See* D.I. 9.  Audrey Holdings, Rashesh Patel, Ardalan Hardi, and Alexander Aristides also filed motions for appointment as Lead Plaintiff.  *See* D.I. 7, 8, 16, 21.  Each other movant subsequently withdrew their motion or filed a notice of non-opposition without making any argument against Sparinvest and SEB's appointment.  *See* D.I. 24, 25, 27, 28.  Accordingly, Sparinvest and SEB's Motion is unopposed.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B).  Sparinvest and SEB are indisputably the "most adequate plaintiff" under the PSLRA and must be appointed as Lead Plaintiff.  *Id.*  Sparinvest and SEB's unopposed Motion is timely, they assert the largest financial interest of any movant in this litigation, and they readily satisfy the requirements of Rule 23.  *See id.* § 78u-4(a)(3)(B)(iii)(I).  Additionally, Sparinvest and SEB—the only institutional investors moving for appointment as Lead Plaintiff—are the prototypical investors Congress sought to lead securities class action litigation.  Moreover, no party has offered or can offer "proof" to rebut Sparinvest and SEB's presumptive status as the "most adequate plaintiff," and thus, Sparinvest and SEB's unopposed Motion must be granted.

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Id.* § 78u-4(a)(3)(B)(v).  Accordingly, the Court should approve Sparinvest and SEB's selection of Kessler Topaz as Lead Counsel for the class.

## COUNTERSTATEMENT OF FACTS

In the Motion, Sparinvest and SEB demonstrated that they suffered LIFO losses of approximately $34 million and established that they are adequate and typical.  *See* D.I. 13.  In contrast, Audrey Holdings claimed losses of $1,734,161.92 (*see* D.I. 14-3), Rashesh Patel claimed losses of $865,303.09 (*see* D.I. 20-4), Ardalan Hardi claimed losses of $506,242.20 (*see* D.I. 12-2), and Alexander Aristides claimed losses of $151,991.40 (*see* D.I. 23-3) in their respective motions.

**ARGUMENT**

**I.    SPARINVEST AND SEB SHOULD BE APPOINTED AS LEAD PLAINTIFF**

The PSLRA creates a strong, statutory presumption that the Lead Plaintiff, as the "most adequate plaintiff" in the litigation, is the movant or movant group that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumptive Lead Plaintiff then need only make a *prima facie* showing of typicality and adequacy under Rule 23.  *See Cendant*, 264 F.3d at 264 (limiting the court's inquiry to whether the movant has made a "*prima facie* case of typicality and adequacy").  The presumptive Lead Plaintiff's *prima facie* showing can only be rebutted upon "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Sparinvest and SEB are the presumptive "most adequate plaintiff" because they have "the largest financial interest" in this litigation.  *Id*. § 78u-4(a)(3)(B)(iii)(I).   Additionally, Sparinvest and SEB's claims are typical of those of the class and, as sophisticated institutional investors with substantial assets under management, Sparinvest and SEB will fairly and adequately represent the interests of the class—a fact proven through their experiences serving as lead plaintiff and SEB's extensive history of vigorously and successfully prosecuting securities class action litigation on behalf of injured investors.  *See* D.I. 15-3 ¶ 5.  Indeed, SEB, which has already been appointed as a lead plaintiff by this Court,[4] has been repeatedly certified as a class representative in actions subject to the PSLRA.  *See e.g.*, *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, No. 22-cv-

---

[4]    *See In re Humana Inc. Sec. Litig.*, No. 24-cv-00655-JLH (D. Del. Sep. 13, 2024), D.I. 38 (text order granting SEB's motion for appointment as lead plaintiff and approving its selection of Kessler Topaz as lead counsel) (attached to Supplemental Declaration of Anthony M. Calvano ("Calvano Suppl. Decl.") as Ex. A).

03811-TLT, 2025 WL 1243818, at *9 (N.D. Cal. Apr. 25, 2025) (appointing SEB as a class representative).  Given that no proof has been offered or can be offered to rebut Sparinvest and SEB's presumptive status, Sparinvest and SEB should be appointed as Lead Plaintiff.  *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("The Third Circuit has stressed that the [PSLRA] requires more than mere assertions in order to rebut the presumptive lead plaintiffs' status.").

A.    **Sparinvest and SEB Have the Largest Financial Interest in the Relief Sought by the Class**

According to Third Circuit precedent, district courts should look to, *inter alia*, three factors to identify the movant or movant group with the largest financial interest in the litigation: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the [movant] during the class period; and (3) the approximate losses suffered by the [movant]."  *Cendant*, 264 F.3d at 262.  Critically, the third factor—a movant's approximate losses suffered—is afforded the most weight.  *See Wigginton v. Advance Auto Parts, Inc.*, C.A. No. 18-212 (MN), 2018 WL 5729733, at *3 (D. Del. Nov. 2, 2018) ("Courts in this Circuit have afforded the third factor the most weight."); *Patel v. Coinbase Glob., Inc.*, Nos. 22-4915, *et al.*, 2022 WL 17582549, at *3 (D. Del. Dec. 12, 2022) (identifying the most adequate plaintiff by "follow[ing] the more commonly accepted . . . practice of calculating the largest financial interest in terms of absolute dollar loss").

Here, as demonstrated in the chart below, it is undisputed that Sparinvest and SEB possess a LIFO loss more than ***nine times*** larger than all the other movants ***combined***:



Additionally, Sparinvest and SEB each individually have a larger financial interest than any other movant by far. *See, e.g.*, *Forden v. Allergan plc*, Nos. 16-9449 (SDW) (LDW), *et al.*, 2017 WL 452005, at *3 (D.N.J. Feb. 1, 2017) (appointing group of two institutional investors asserting the largest losses); *OFI*, 63 F. Supp. 3d at 401 (noting that one group member asserted losses that "alone exceed the [competing movant's] losses"); *Cendant*, 264 F.3d at 270 (affirming district court's appointment of group of institutional investors with largest losses).

Thus, Sparinvest and SEB unquestionably have the "largest financial interest in the relief sought by the class" and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.    Sparinvest and SEB Satisfy the Requirements of Rule 23**

In addition to possessing the undisputed largest financial interest in the outcome of this litigation, Sparinvest and SEB satisfy the requirements of Rule 23. *See id*. § 78u-4(a)(3)(B)(iii)(I)(cc). In order to overcome Sparinvest and SEB's presumptive status as Lead

Plaintiff, the PSLRA provides that "the presumption may be rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff" is atypical or inadequate. *Cendant*, 264 F.3d at 268 (emphases in original); *see also OFI*, 63 F. Supp. 3d at 402 ("The Third Circuit has stressed that the [PSLRA] requires more than mere assertions in order to rebut the presumptive lead plaintiffs' status."); *Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 134 (D. Del. 2011) ("[m]ost importantly, the allegations upon which a rebuttal is based must comprise actual proof"). No such proof exists in this case, and there can be no credible arguments to the contrary.

Sparinvest and SEB's claims are typical of the claims of the class. *See* D.I. 13 at 11. Specifically, Sparinvest and SEB purchased Oracle securities during the Class Period and incurred losses on their investments as a result of the declines in the price of Oracle securities due to the revelation of Defendants' misrepresentations and omissions. *See id.*; *OFI*, 63 F. Supp. 3d at 401 (finding that a lead plaintiff movant group had satisfied the typicality requirement where the group's circumstances and legal theories were "not markedly different from the circumstances and theories of the proposed class").

Sparinvest and SEB also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Sparinvest and SEB's incentive to vigorously pursue the claims against Defendants to recover their substantial losses in Oracle securities do not conflict with the interests of other class members. *See id.* § 78u-4(a)(3)(B)(iii)(II). Indeed, the interests of Sparinvest, SEB, and other class members are directly aligned because Sparinvest, SEB, and other class members all suffered damages from their purchases of Oracle securities that were artificially inflated by Defendants' misconduct.

9

Moreover, Sparinvest and SEB each fully understand their obligations to the class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* D.I. 15-3 ¶¶ 2-15; *Five Below*, 2024 WL 4596235 at *4 ("In their sworn Joint Declaration, the two members of the [institutional investors group] describe their prior experience with PSLRA class actions and articulate their ongoing coordination with each other and in the oversight of counsel. . . . [T]he appointment of the two . . . funds as a group in no way erodes their ability to fulfill the task of lead plaintiff."). Indeed, Sparinvest and SEB have already taken significant steps to protect the class. For example, prior to moving for Lead Plaintiff appointment, Sparinvest and SEB convened a joint conference call to discuss matters such as "the procedures and protocols they would follow in jointly prosecuting the case," "the measures they would employ to ensure that investors' claims will be efficiently and zealously prosecuted," and "the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via telephone and email, including on short notice." D.I. 15-3 ¶¶ 10-11.

Sparinvest and SEB also have demonstrated their adequacy by retaining Kessler Topaz— highly experienced counsel that investigated and filed the initial complaint in this litigation—to serve as Lead Counsel for the class. *See OFI*, 63 F. Supp. 3d at 402 (finding that a lead plaintiff movant group had satisfied the adequacy requirement where the group had selected experienced proposed lead counsel and negotiated a reasonable fee agreement with them). Further, both Sparinvest and SEB have prior experience serving as a lead plaintiff in securities fraud class actions. *See* D.I. 15-3 ¶ 5. In particular, SEB has previously obtained significant recoveries on behalf of injured investors while serving as a lead plaintiff under the PSLRA, including in cases litigated in this Circuit and with Kessler Topaz as lead counsel. *See, e.g.*, *SEB Inv. Mgmt. AB v.*

*Endo Int'l., plc*, No. 17-3711, 2019 WL 7163467, at *3-5 (E.D. Pa. Dec. 13, 2019) (approving $82.5 million settlement obtained by SEB as lead plaintiff; with Kessler Topaz serving as lead counsel); *City of Warwick Ret. Sys. v. Catalent, Inc.*, No. 23-cv-01108 (D.N.J. Dec. 29, 2025), D.I. 152 (granting preliminary approval of $78 million settlement with SEB as co-lead plaintiff alongside another institutional investor and with Kessler Topaz as lead counsel) (attached to Calvano Suppl. Decl. as Ex. B).  Sparinvest's and SEB's prior experiences will undoubtedly benefit the class.

Finally, Sparinvest and SEB are the only institutional investors seeking appointment as Lead Plaintiff.  With more than $160 billion collectively in assets under management, as well as "dedicated personnel who will oversee this matter" (D.I. 15-3 ¶ 11), Sparinvest and SEB are exactly the type of sophisticated, institutional investors that Congress sought to encourage to lead securities class action litigation through its enactment of the PSLRA.  *See Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); *OFI*, 63 F. Supp. 3d at 402 (appointing a group of two "sophisticated institutional investors" that each "have the resources to adequately manage and direct this litigation, including dedicated staffs of in-house attorneys to manage outside counsel").

Therefore, Sparinvest and SEB—as the presumptively "most adequate plaintiff" asserting the largest financial interest in the litigation—readily meet the requirements of Rule 23 and should be appointed as Lead Plaintiff under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    SPARINVEST AND SEB'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA grants the lead plaintiff with the power to select and retain counsel for the class, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the plaintiff

class." *Cendant*, 264 F.3d at 274, 276 ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Sparinvest and SEB have selected Kessler Topaz as proposed Lead Counsel for the class. Kessler Topaz is among the preeminent securities class action law firms in the country and has already demonstrated its commitment to prosecuting the claims against Defendants through its extensive pre-suit investigation and the filing of the first complaint, which triggered the PSLRA's lead plaintiff process. *See* D.I. 1; *Advance Auto Parts*, 2018 WL 5729733, at *6 (appointing Kessler Topaz as lead counsel and noting that "Kessler Topaz has extensive experience in securities fraud litigation, as well other types of class actions, and it has served as lead (or co-lead) counsel in many cases over the last 20 years").

## CONCLUSION

For the reasons stated herein, Sparinvest and SEB respectfully request that the Court grant their unopposed Motion and: (1) appoint Sparinvest and SEB as Lead Plaintiff; and (2) approve their selection of Kessler Topaz as Lead Counsel for the class.

DATED:  April 20, 2026

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Gregory V. Varallo*
Gregory V. Varallo (DE Bar ID #2242)
Anthony M. Calvano (DE Bar ID #6265)
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3600
greg.varallo@blbglaw.com
anthony.calvano@blbglaw.com

*Liaison Counsel for Proposed Lead Plaintiff*
*Sparinvest S.A. and SEB Funds AB*

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Proposed Lead Plaintiff
Sparinvest S.A. and SEB Funds AB and
Proposed Lead Counsel for the Class*

13